UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
CHRIS ANN JAYE,                )
                               )
          Plaintiff,           )
                               )
     v.                        )          C.A. No. 21-169 WES
                               )
UNITED STATES,                 )
et al.,                        )
                               )
          Defendants.          )
_____)
```

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Amended Complaint ("Complaint"), ECF No. 6, and Plaintiff's Pro Se Motion to Obtain an ECF Login and Password, ECF No. 3. Plaintiff's Complaint alleges that various judges, state actors, and other individuals have conspired against her to violate her civil rights. See generally Compl. Though it is unclear exactly what events allegedly transpired, Plaintiff variously complains of racketeering offenses, violations of her property rights, and other Constitutional violations over an unspecified period of time. Id.

The general venue statute provides:

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

None of the Defendants nor the Plaintiff is located in Rhode Island, nor do any of them appear to have a connection to Rhode Island. See generally Compl. The conduct Plaintiff complains of, to the extent it can be gleaned from the Complaint, occurred in New Jersey. Id. ¶ 108 ("Plaintiff was stripped of her rights as an owner of property, heir of a property and beneficiary of a property by and through the illegal acts of the State of New Jersey . . . ."). Plaintiff does not allege that any events or omissions occurred in this judicial district.

Section 1406(a) of Title 28 of the United States Code grants the Court discretionary authority to transfer cases filed in the wrong division or district to cure a defect in venue, but only if it is in the interest of justice to make such a transfer. See MMT, Inc. v. Hydro Int'l, Inc., No. 21-cv-027-JJM-LDA, 2021 WL 1109321, at *3 (D.R.I. March 23, 2021). Courts may transfer a case sua sponte. Desmond v. Nynex Corp., 37 F.3d 1484 (1st Cir. 1994) (unpublished) (citing Caldwell v. Palmetto State Savings Bank, 811 F.2d 916, 919 (5th Cir. 1987)). A district

court has broad discretion in deciding whether to order a transfer. <u>Beland v. U.S. Dept. of Transp.</u>, CIV. 00-328-B, 2001 WL 274849, at *1 (D.N.H. Feb. 14, 2001).

Here, Plaintiff resides in New Jersey and the events or omissions giving rise to Plaintiff's Complaint occurred in New Jersey. None of the allegations alleged, nor any of the parties, appear to have any connection to Rhode Island. The District of New Jersey is therefore a more convenient and appropriate forum, and the interests of justice support transferring the case there.

This action is therefore TRANSFERRED to the United States District Court for the District of New Jersey.


IT IS SO ORDERED.

_____
William E. Smith
District Judge
Date: June 11, 2021